# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**
May 14, 2010

Lyle W. Cayce
Clerk

No. 09-10989
Summary Calendar

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

RODERICK GENE REED, also known as Rod,

Defendant-Appellant

Appeal from the United States District Court
for the Northern District of Texas
USDC No. 4:96-CR-68-2

Before DAVIS, SMITH, and DENNIS, Circuit Judges.

PER CURIAM:[*]

Roderick Gene Reed, 46988-019, was sentenced to an enhanced term of life in prison following his convictions for possession of cocaine and cocaine base with intent to distribute, maintaining a residence for purposes of distributing drugs, and possession of a firearm by a felon. This court affirmed on direct appeal. *United States v. McBrown*, No. 96-11491, (5th Cir. June 22, 1998) (unpublished). Reed has been unsuccessful in seeking relief under 28 U.S.C. § 2255. Reed also

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

filed an unsuccessful motion to reduce his sentence under 18 U.S.C. § 3582(c)(2) due to the crack cocaine amendments to the Sentencing Guidelines.

Reed filed a motion requesting that he be granted a new sentencing proceeding by writ of error coram nobis. Reed contends that the enhancement information filed by the Government was defective and that the district court thus lacked jurisdiction to impose an enhanced sentence of life imprisonment. The district court found that relief pursuant to a writ of coram nobis was not available because Reed was in custody.

It is undisputed that Reed was in custody when he sought coram nobis relief and is still in custody. The district court did not err in finding that the writ of coram nobis is not an avenue of relief available to him. *See United States v. Dyer*, 136 F.3d 417, 422 (5th Cir. 1998).

AFFIRMED.